## Commonwealth *v.* Hickson, Appellant.

Submitted June 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Douglas Riblet* and *John W. Packel,* Assistant Defenders, and *Benjamin Lerner,* Defender, for appellant.

*Hugh J. Colihan, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., September 22, 1975:

This case presents the issue[1] of whether appellant must be discharged where his new trial was held in vio-

---

1. Appellant also argues that the complainant's testimony was so contradictory that it failed to establish his guilt beyond a reasonable doubt. After a review of the record it becomes evident

lation of the time requirements of Pa.R.Crim.P. 1100 (e).[2] Because we find that appellant consented to the scheduling of the new trial for a date beyond the ninety-day period, we conclude that appellant may not now object and affirm the decision of the court below.

On December 6, 1973, appellant was found guilty of aggravated robbery by the lower court sitting without a jury. The court subsequently in post-verdict motions awarded appellant a new trial on February 15, 1974. Due to several postponements and continuances, the new trial was not commenced until June 27, 1974, some one hundred thirty-two days after it had been ordered.

Appellant admits that the delay from March 12 to May 10 was occasioned by applications of his counsel for continuances. However, of the fifty-eight days of delay, appellant argues that only those days in excess of thirty are attributable to him under Pa.R.Crim.P. 1100 (d) (2).[3] If this argument is accepted, it appears that appellant

---

that the complainant never hesitated in positively identifying appellant as the robber. The inconsistencies in the complainant's testimony were for the consideration of the trier of fact. Absent some abuse of discretion, we will not disturb the trier of fact's determination of credibility. *Commonwealth v. Coe*, 226 Pa. Superior Ct. 594, 323 A.2d 213 (1974).

2. Pa.R.Crim.P. 1100 (e) in effect at the time a new trial was ordered in this case provided: "A new trial shall commence within a period of ninety (90) days after the entry of an order by the trial court or an appellate court granting a new trial."

It is clear that Pa.R.Crim.P. 1100 (e) is applicable to the facts of this case. *See Commonwealth v. Woods*, 461 Pa. 255, 336 A.2d 273 (1975).

3. Pa.R.Crim.P. 1100 (d) (2) provides: "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

would then be responsible for only twenty-eight days of delay. After subtracting these days from the one hundred thirty-two days that elapsed before the new trial was conducted, it becomes clear that the new trial was still in violation of the ninety-day requirement of Pa.R. Crim.P. 1100(e).

The record discloses, however, that on June 4, 1974, counsel for both parties met with the court and agreed to postpone the trial to June 19, 1974. When asked if June 19 would be a satisfactory trial date, defense counsel replied, "Any day is fine with me, Your Honor." Notes of Testimony on June 4, 1974, at 49. Even if we accept appellant's argument that he is not responsible for the first thirty days of delay occasioned by himself, we observe that the ninety-day period would have run on June 13, 1974. Because appellant agreed to a trial date on June 19 which was beyond the ninety-day period, he cannot now complain that Pa.R.Crim.P. 1100(e) was violated.

In *Commonwealth v. Green*, 232 Pa. Superior Ct. 134, 335 A.2d 493 (1975), we encountered a somewhat similar situation. There, defendant argued on appeal that he was placed in double jeopardy when after conviction of certain charges in the municipal court he was prosecuted further in the court of common pleas on remaining charges arising out of the same criminal episode. Our Court, however, held that by acquiescing to the separation of the charges, the defendant waived his right to object that he was subjected to multiple trials. Specifically, it was stated in *Green*:

> "[B]y misleading the hearing judge and the Commonwealth with his silence, and by giving the appearance of consent to the arrangement, the appellee [defendant] has waived his right to claim harassment by multiple prosecutions." *Id.* at 145, 335 A.2d at 498.

In the present case, when asked by the court if defense objected to scheduling the trial on June 19, a day that was beyond the ninety-day period, defense counsel replied:

"Any day is fine with me, Your Honor." As in *Green*, appellant in this case gave the appearance of approval to the court's scheduling the trial beyond the time limits set forth in Pa.R.Crim.P. 1100(e). Accordingly, we hold that appellant may not now complain that Pa.R.Crim.P. 1100(e) was violated.[4]

Judgment affirmed.

---

4. This opinion assumes that appellant is correct with his argument that only those days of delay caused by the defendant in excess of thirty are excluded from the total period of delay. *See* Pa.R.Crim.P. 1100(d)(2). We are not deciding today whether that argument is in fact correct.