393 A.2d 785

**COMMONWEALTH of Pennsylvania**

v.

**Glen MYERS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided Oct. 20, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

The only issue raised on this appeal is whether the lower court was correct in granting the Commonwealth two extensions under Pa.R.Crim.P. 1100(c).

Appellant, citing *Commonwealth v. Ray,* 240 Pa.Super. 33, 360 A.2d 925 (1976), contends that the extensions should not have been granted because "the Commonwealth merely filed form petitions alleging due diligence and fail[ed] to allege any supporting facts." However, it appears that the criticism of form petitions in *Ray* was premised on the combination of a form petition and the absence of a hearing; we do not read *Ray* to hold that use of a form petition compels denial of an extension when a hearing is held on the petition. Here, a hearing was held on each of the Commonwealth's petitions. Appellant filed no answers to dispute the Commonwealth's averments of due diligence, nor does he now claim that he contested the point at the hearings, or that at the hearing the Commonwealth did not adequately prove its due diligence. Therefore, as far as the record reveals,* the Commonwealth's averment of due diligence was uncontested, and we must accordingly conclude that the extensions were properly granted.

Affirmed.

PRICE, J., files a dissenting opinion, in which CERCONE, J., joins.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

---

* The record does not contain transcripts of the hearings on the Commonwealth's petitions; however, appellant has given no reasons why the transcripts are necessary. *Cf. Commonwealth v. Krall,* 249 Pa.Super. 433, 378 A.2d 373 (1977) (remand for transcript, where only allegation of due diligence was that "a trial cannot commence within the required period because [t]his case could not be tried during the May, 1975 Session of Court"); *Commonwealth v. Tome,* 248 Pa.Super. 242, 375 A.2d 78 (1977) (remand for transcript, because no factual showing of record as to causes of court delay).

PRICE, Judge, dissenting:

On November 7, 1975, a written complaint was lodged against appellant charging him with various offenses. Appellant was ultimately tried on June 23, 1976, and convicted of receiving stolen property[1] and criminal conspiracy.[2] Following disposition of post-trial motions, appellant was sentenced. Appellant's sole contention on appeal is that he was not timely tried under Pa.R.Crim.P. 1100. I agree with appellant's contention, and would vacate the judgment of sentence and order him discharged.

Pa.R.Crim.P. 1100(a)(2)[3] mandates that trial in this case should have commenced on or before May 5, 1976. However, the Commonwealth requested and was granted two petitions for an extension of time in which to bring appellant to trial under Pa.R.Crim.P. 1100(c).[4] The petitions in this case were almost identical in form. They stated in part that:

"3. Despite due diligence, the Commonwealth will not be able to try this case within the Rule 1100 run date.

4. A specific account of the history of this case will be presented at time of argument."

Form petitions of this type simply do not comport with the procedure mandated by Pa.R.Crim.P. 1100 and are defective. *Commonwealth v. Ray*, 240 Pa.Super. 33, 360 A.2d 925 (1976). The purpose of the Commonwealth's petition is to

1. 18 Pa.C.S. § 3925.

2. 18 Pa.C.S. § 903.

3. Pa.R.Crim.P. 1100(a)(2) provides: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

4. The Commonwealth's first petition, filed on May 3, 1976, resulted in an extension until June 10, 1976. On June 10, 1976, appellant's co-defendant pleaded guilty before Judge Evelyn Trommer, who then disqualified herself from hearing appellant's case. The Commonwealth's second petition, dated June 10, 1976, was granted on June 22, 1976, the same day on which appellant's motion to dismiss under Pa.R.Crim.P. 1100(f) was denied. By the terms of the second extension, the Commonwealth had until June 23, 1976, to bring appellant to trial.

furnish notice to the defendant of the factual underpinnings of the request, so that he is afforded an adequate opportunity to respond. It is the Commonwealth's burden to aver in its petition, and to establish at the hearing thereon, that it has exercised due diligence in attempting to bring a defendant to trial speedily, but that despite its due diligence, it has been unable to do so.

Furthermore, in the lower court's opinion, it is stated: "The case was [originally] listed for trial on May 3, 1976, two days before the expiration of the Rule. Because of other cases on the list, the case was continued until June 10, 1976, and marked 'case not reached this day.' On May 3, 1976 a Petition to Extend was filed, and on May 11, 1976 Judge Blake extended the time within which the case could be tried until June 10, 1976." Appellant argued at that time that judicial delay could not be considered by the court when ruling on a petition for an extension of time. Of course, judicial delay can be the basis for the granting of an extension under Pa.R.Crim.P. 1100(c), *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), however, a simple assertion of inconvenience is wholly inadequate to justify an extension based on judicial delay.

In *Commonwealth v. Mayfield*, 469 Pa. 214, 222, 364 A.2d 1345, 1349–50 (1976), the Pennsylvania Supreme Court declared:

> "Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided."

I find that not only were the Commonwealth's petitions fatally defective and improperly entertained and granted, but that the record does not adequately substantiate the Commonwealth's assertion of judicial delay. The Common-

wealth was therefore not entitled to the first extension of time and appellant should have been discharged at that juncture.

I would vacate the judgment of sentence and discharge appellant.

CERCONE, J., joins in this dissenting opinion.