393 A.2d 804

**COMMONWEALTH of Pennsylvania**

v.

**Edward FEREBEE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 29, 1978.

Decided Oct. 20, 1978.

236

Lon M. Cobrin, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, and Edward G. Rendell, District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

The instant appeal arises from appellant's conviction in Philadelphia Common Pleas Court on charges of robbery, conspiracy, simple and aggravated assault. Post-trial motions were argued and denied and sentence imposed. Appellant argues, inter alia, that his application to dismiss the charges against him under Pa.R.Crim.P. 1100 was improperly denied and that he should be discharged.[1] Because we find the record insufficient to rule upon appellant's contentions, we are ordering a remand for an evidentiary hearing.

The criminal complaint in this case was filed October 17, 1974. Hence, absent periods of time which might subsequently be omitted from the Rule (1100(d)) and absent extensions of time properly granted by the court (1100(c)), trial was to commence no later than April 15, 1975. Trial did not begin, however, until October 8, 1975. The Commonwealth filed a timely petition for an extension of time on March 27, 1975, and, following a hearing thereon, the lower court granted an extension to July 13, finding as the basis therefor various judicial delays and proceedings. Sometime

---

1. Rule 1100 is a procedural mandate designed to implement and protect a defendant's right to a speedy trial. In short, it requires the Commonwealth to bring defendant to trial no later than 180 days after filing of the complaint. Rule 1100(a). The remedy for violation of the rule is dismissal of the charges with prejudice. Rule 1100(f).

in late July,[2] appellant filed a pro se application to dismiss the charges (1100(f)) and the Commonwealth filed an answer along with another request for an extension of time. At a hearing on September 25, 1975, Judge Greenburg denied appellant's application and set a new time limit for October 8, 1975. It is the validity of the two extensions granted the Commonwealth that appellant contests.

We find the first order, entered April 24, 1975, to be valid under the rule of *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976). There, the Supreme Court held judicial delay and judicial proceedings could validly be used as reasons for extending the time for commencement of trial under Rule 1100(c). As examples, the court cited "judicial proceedings involving prosecution of the charges" and unavailability of the court because of "scheduling difficulties as instances where an extension order would be permissible." *Shelton,* supra, at 18, 364 A.2d at 699. Instantly, appellant's trial was continued twice for courtroom unavailability and once in late March, 1975, to litigate pre-trial motions filed by appellant. Under these circumstances, there was sufficient basis for Judge Greenburg to grant the Commonwealth's petition to extend.[3]

Judge Greenburg's second order of extension, entered September 25, 1975, requires more detailed scrutiny. The record shows that on July 14, 1975,[4] both appellant and the Commonwealth requested a continuance in order to obtain

**2.** The record is not clear as to the exact date.

**3.** We note the form of Judge Greenburg's Order did not strictly comply with *Shelton,* supra, then pending before this Court. In *Shelton,* the Supreme Court also ruled that "judicial delay" could not be the basis for an implied exclusion under Rule 1100(d). Judge Greenburg's order seems to *exclude* various periods of judicial proceedings and delays from the computation of the 180 days. Since this order was entered before *Shelton* was decided by the Supreme Court, we will treat the lower court's order as a proper extension of time due to judicial delay under Rule 1100(c).

**4.** This was one day beyond the deadline imposed by the court's first order. July 13, however, was a Sunday and hence the limit is automatically extended one day. See *Commonwealth v. Jones,* 473 Pa. 211, 373 A.2d 1338 (1977).

notes from a prior suppression hearing. A new date was set for September 9, 1975. Appellant now contends that Rule 1100 was violated by the continuance since the first extension order expired July 14 and since the 180 days had long since run. Such a rationale, however, ignores our cases holding that defense acquiescence in a trial date beyond the time limit constitutes a waiver of Rule 1100. In *Commonwealth v. Hickson,* 235 Pa.Super. 496, 344 A.2d 617 (1975), the defense requested a continuance and agreed to a date far beyond the limit. We said there "(A)ppellant in this case gave the appearance of approval to the court's scheduling the trial beyond the time limits set forth in Pa.R.Crim.P. 1100(e). Accordingly, we hold that appellant may not now complain that Rule 1100(e) was violated." *Id.,* 235 Pa.Super. at 500, 344 A.2d at 618. And in *Commonwealth v. Coleman,* 241 Pa.Super. 450, 361 A.2d 870, we noted, "It is clear that a defendant waives Rule 1100 violation by agreeing to a trial date beyond the period." *Id.,* 241 Pa.Super. at 455, fn. 1, 361 A.2d at 873, fn. 1, citing *Hickson,* supra.[5] Accordingly, we hold the time between July 14 and September 9, 1975 has been waived by appellant.

After the Commonwealth timely filed its second petition to extend, the court conducted a hearing and on September 25, 1975 granted an extension to October 8. The Court denied appellant's application to dismiss. The basis of Judge Greenburg's order, however, was that trial had "commenced" on May 1, and hence the Commonwealth's petition to extend was held moot. This was error, as the Commonwealth concedes in its brief,[6] since only pre-trial motions had been argued up to that point. Trial did not commence, under any interpretation of the Rule, until October 8. The Commonwealth urges us to sustain Judge Greenburg's order

---

5. The Supreme Court later reversed our decision in *Coleman,* 477 Pa. 400, 383 A.2d 1268 (1978), but Mr. Justice O'Brien, in the majority opinion, specifically approved the language in *Coleman* we have quoted. 477 Pa. at 406, 383 A.2d at 1271.

6. See appellee brief at p. 13, fn. 10.

in any event, since a basis for the extension could be unavailability of courtrooms.[7] We have no way of knowing, however, if courtrooms were in fact unavailable since a transcript of the September 25 Rule 1100(c) hearing was not included in the record before us. Without a record and specific findings by the trial court, we cannot assess the propriety of the second extension order. Naked assertions of "judicial delay" have never been deemed sufficient cause to grant an extension, absent specific findings by the hearing court that such delays do exist and that the Commonwealth could not proceed to trial within the time limit, despite due diligence. *Commonwealth v. Krall,* 249 Pa.Super. 433, 378 A.2d 373 (1977); *Commonwealth v. Tome,* 248 Pa.Super. 242, 375 A.2d 78 (1977); see also *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976). In *Krall* and *Tome,* we were likewise faced with deficiencies in the record on whether an extension was properly granted. We remanded in both *Krall* and *Tome,* supra, directing the lower court to determine what evidence was produced by the Commonwealth at the original hearing.

We also remand the instant appeal for completion of the record. In the event the court below finds the Commonwealth did not show sufficient judicial delay at the September 25, 1975 hearing, then appellant must be discharged. If on the other hand, such proof was advanced by the Commonwealth, then the court may affirm its extension order. Following the court's decision on remand, either party may appeal.

Case remanded for an Evidentiary Hearing in accordance with this opinion.

HOFFMAN, J., did not participate in the consideration or decision of this case.

7. A ruling of the trial court can be sustained even where that court assigned an improper reason therefor. *Commonwealth v. Shoatz,* 469 Pa. 545, 566, 366 Pa. 1216, 1229 (1976); *Commonwealth v. Cunningham,* 471 Pa. 577, 592, 370 A.2d 1172, 1180 (1970).