392 A.2d 776

**COMMONWEALTH of Pennsylvania**

v.

**Clement CONNOR, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided Oct. 20, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The instant appeal arises from appellant's conviction, following a jury trial, of robbery, criminal conspiracy and assault. Appellant, who has an extensive record of prior offenses and convictions, received a two to five year sentence for robbery, and a consecutive five year period of probation. Sentence on the assault charge was suspended. Appellant raises two points for our consideration: whether the trial court erred in refusing to dismiss his indictment because he was not tried within 180 days of his arrest; and, whether appellant was denied the effective assistance of counsel at his trial. Finding no merit in either of these contentions, we will affirm.

On the night of November 5, 1975 appellant and two accomplices assaulted Rudolph Harley while he was waiting for a taxicab in the Germantown section of Philadelphia. Beating Mr. Harley and choking him with a rope, appellant and his cohorts rendered their victim unconscious on the street and robbed him of cash, a money order, his wallet and identification. The latter part of the attack was witnessed by a patrolling policeman who pursued the culprits and captured appellant crouched down in a nearby automobile. The car also contained Mr. Harley's wallet, identification and money. Although Mr. Harley could not identify appellant, he identified his co-defendant, Donald Poles. Both

were scheduled to be tried together; but, on April 28, 1976, Poles entered a guilty plea.

Appellant's Rule 1100 claim rests on the fact that he was not tried until May 24, 1976, obviously more than 180 calendar days from the date of his arrest. Penultimately, the case had been scheduled for trial on April 29, 1976; but, on appellant's motion, trial was continued until May 24, 1976.[1] When the court announced this new trial date in granting appellant's request for a continuance, appellant offered no objection that his right to a speedy trial as delineated by Pa.R.Crim.P., Rule 1100 would be denied him. Instead, he waited until the new trial date arrived to raise this objection.[2]

We find that *Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975) controls our decision in this case. In *Hickson* we held that the defendant may not challenge the Commonwealth's failure to comply with Rule 1100 when he consents to scheduling a trial date beyond the applicable period of time set forth in the rule. Indeed, the instant case presents a stronger basis for finding a waiver, since defense counsel did not merely agree with the Commonwealth to a trial date beyond 180 days as counsel did in *Hickson*, he unilaterally requested it. When counsel requested a continuance five days before the 180-day period would run and

1. April 29th was the fourth time trial in this case had been listed. On two previous occasions the case was continued on the motion of appellant's co-defendant. On the third occasion the Commonwealth requested a continuance.

2. Actually, appellant did not file a petition to dismiss in writing as this court has previously stated is required. *Commonwealth v. Yancey*, 251 Pa.Super. 478, 380 A.2d 880 (1977). However, appellant argues that if a written petition is a requirement, counsel was ineffective in failing to file the petition in compliance with the rule. Under this analytical rubric, our inquiry is whether such a motion would have had arguable merit had it been properly filed. See *Commonwealth v. Thomas*, 251 Pa.Super. 836, 380 A.2d 833 (1977). In the instant case we need not go through the exercise this legal dichotomy poses, for whether we treat the issue as if it were preserved and go directly to the merits of the Rule 1100 claim, or filter our analysis through the "ineffectiveness" criteria of *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977), the result will be the same. Appellant's alleged Rule 1100 violation has no merit.

mutely accepted May 24, 1976 as the rescheduled date for trial, he waived any Rule 1100 violation which would otherwise have been occasioned by the delay. See *Commonwealth v. Coleman*, 241 Pa.Super. 450, 454–55 n. 1, 361 A.2d 870 (1976); *Commonwealth v. Mumich*, 239 Pa.Super. 209, 212, 361 A.2d 359 (1976).

 Appellant's remaining contention is that trial counsel was ineffective in failing to request a *Bighum*[3] hearing prior to permitting appellant to testify on his own behalf. Appellant argues that the trial court, in the exercise of its discretion, *may* have refused to permit the Commonwealth to introduce appellant's prior conviction for robbery. Appellant does not argue that the trial court would have been compelled to bar impeachment by using the robbery conviction, for we have already held that robbery is a crime of the type which may be used to impeach credibility. *Commonwealth v. Campbell*, 244 Pa.Super. 505, 368 A.2d 1299 (1976). Thus, appellant's argument rests purely on speculation that the court may have excluded evidence which it was not compelled to exclude. Furthermore, appellant's record included six other offenses *crimen falsi* which appellate counsel does not attempt to argue would have been excluded. Hence, counsel has shown no actual prejudice which befell appellant because trial counsel refused to request a *Bighum* hearing. As a corollary to the rule that counsel need not raise fruitless objections, our Supreme Court has repeatedly held that counsel will not be deemed ineffective for failing to request the court to indulge in collateral evidentiary hearings in the absence of some affirmative evidence that such hearings will be beneficial to his client's case. See, e. g., *Commonwealth v. Hillman*, 465 Pa. 541, 351 A.2d 227 (1976); *Commonwealth v. Hosack*, 459 Pa. 27, 326 A.2d 352 (1974). Compare *Commonwealth v. Zapata*, 455 Pa. 205, 314 A.2d 299 (1974). Since there was no indication, save appel-

---

**3.** *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973) in which case our Supreme Court adopted the criteria enunciated in *Luck v. United States*, 121 U.S.App.D.C. 151, 348 F.2d 763 (1969) for determining whether prior offenses should be admitted into evidence to impeach the credibility of a defendant who testifies.

lant's vain hope, that the court would have or should have excluded any item of admittedly relevant evidence, appellant's argument that he was denied the effective assistance of counsel must fail.[4]

Judgment of sentence is affirmed.

SPAETH, J., concurs in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

4. Appellant also contends that counsel was ineffective in failing to investigate whether a defense witness had, in fact, graduated from Temple University. During the development of his background at trial, the witness testified as to having attained that accomplishment, but on cross-examination the Commonwealth showed he had not. Although the witness had earned enough credits to graduate, his transcript recorded one incomplete course which had to be completed to fulfill graduation requirements. This allegation of ineffectiveness is, of course, patently frivolous. Ordinarily counsel may assume that his witnesses are truthful, especially with respect to collateral matters.