422 A.2d 876

**COMMONWEALTH of Pennsylvania**

v.

**Aaron MINES, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed Nov. 7, 1980.

158

Thomas R. Hurd, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

SPAETH, Judge:

This is an appeal from judgments of sentence for robbery [1] and criminal conspiracy.[2] The principal issue is whether appellant should have been discharged under Rule 1100.[3]

At approximately 10:30 p. m. on September 26, 1977, appellant and one Artie Williams approached a group of people gambling with dice outside a Philadelphia grocery store. Appellant said, "This is a stickup." (N.T. 116, 126) Williams aimed a sawed off shotgun at them, told them to give up their possessions, and appellant collected the possessions. One of the group, who was a victim of the robbery, managed to run away, and notified the police of the incident. Upon receiving this information, Officers Joseph Legradi and Kenneth Linneman went to Artie Williams's house. Upon arriving, Officer Legradi saw a black male descending the steps of the house. Both officers entered the house, and found appellant hiding under a convertible sofa bed, a wristwatch nearby appellant in the sofa bed, and the sawed off portion of a shotgun barrel in the closet. Appellant was then arrested. On September 27, 1977, Williams was arrested, and a criminal complaint was issued against both men, charging them with robbery and criminal conspiracy. The cases were severed for trial and on April 26, 1978, a jury convicted appellant. After post–verdict motions were denied, appellant was sentenced to consecutive terms of 7½ to 15 years imprisonment for robbery and 5 years probation for criminal conspiracy.

As noted, the criminal complaint was filed on September 27, 1977. Therefore, under Rule 1100(a)(2)[4] the Common-

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 903.

3. Appellant has also argued that the trial judge erred in restricting cross–examination of the prosecuting witness, but we do not reach this argument.

4. Rule 1100(a)(2) provides: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

wealth had 180 days, or until March 27, 1978, in which to try appellant. Any delay after that date "must be either excluded from this computation of the 180 days under section (d) of Rule 1100 or be justified by an order granting an application by the Commonwealth for an extension of time pursuant to section (c)." *Commonwealth v. Lamonna,* 473 Pa. 248, 253, 373 A.2d 1355, 1357 (1977).

In the present case, trial did not commence until April 24, 1978, due to the following delays. The preliminary hearing was scheduled for October 3, 1977, but was postponed because the complainant failed to appear. The hearing was continued to October 14, but the hearing judge refused to hear the case. The hearing was continued to October 24, but was postponed when the complainant again failed to appear. Finally, on October 28, the preliminary hearing was held. Arraignment was held on November 15. On December 2 a continuance was granted at appellant's request. On December 29 the Commonwealth was granted a continuance because one of the arresting officers had been injured on duty. On February 2, 1978, the Commonwealth was granted another continuance, because the complainant failed to appear. On February 15 a hearing on appellant's motion to suppress was held. On March 9 the defense requested a continuance to obtain the notes of testimony of the suppression hearing. The lower court granted this motion and continued trial until Friday, April 21. On March 15 the Commonwealth filed an application to extend the time for trial under Rule 1100(c) until April 22. On April 7 the lower court granted this application but extended the time for trial not to April 22 but to May 27. On April 21, the day on which appellant's continuance expired, the case was called for trial. However, the Commonwealth was unable to commence trial; it had prepared the case as if it were to be tried without a jury, and when appellant demanded a jury trial, was unable to assemble a jury panel. A panel was assembled by Monday, April 24, and the trial commenced then.

—1—

Appellant argues that the lower court should not have granted the Commonwealth's application to extend the time

for trial because the Commonwealth failed to allege and prove due diligence as required by Rule 1100(c), which provides:

> At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. *Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.* Any order granting such application shall specify the date or period within which trial shall be commenced.

(Emphasis added.)

In its application the Commonwealth alleged the following:

> . . . 3. The Commonwealth has exercised due diligence in this prosecution as:
>
> (a) February 15, 1978–Commonwealth ready to proceed to trial.
>
> (b) March 9, 1978–Commonwealth ready to proceed to trial.
>
> 4. Despite due diligence, the Commonwealth will be unable to try the defendant before the original run date.

This application is little more than a form. A mere allegation of due diligence is not sufficient to warrant a court order extending the mandatory time for trial under Rule 1100(c). *See Commonwealth v. Long,* 258 Pa.Super. 251, 392 A.2d 779 (1978); *Commonwealth v. Jones,* 258 Pa.Super. 50, 391 A.2d 667 (1978); *Commonwealth v. Antonuccio,* 257 Pa.Super. 535, 390 A.2d 1366 (1978). However, an application that is no more than an allegation of due diligence is not defective *per se*; the Commonwealth may still obtain an extension if it presents sufficient evidence of due diligence at a hearing on the application. *Commonwealth v. Cimaszewski,* 261 Pa.Super. 39, 395 A.2d 931 (1978); *Commonwealth v. Myers,* 259 Pa.Super. 196, 393

A.2d 785 (1978). To be sufficient, the evidence must be such as to prove by a preponderance of the evidence that despite . the exercise of due diligence, the Commonwealth was unable to bring the defendant to trial within the prescribed period. *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979). In reviewing a hearing court's ruling on the application, we consider only the evidence presented by the Commonwealth, and so much evidence presented by the defense as, fairly read in the context of the record as a whole, remains uncontradicted. *See Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977); *Commonwealth v. Sinor*, 264 Pa.Super. 178, 399 A.2d 724 (1979).

■ Here, the Commonwealth presented no evidence whatsoever. Instead, it left review of the case to the hearing judge:

THE COURT: ... Apparently, 12–2 to 12–29 there was a continuance at the request of the defendant. Then there was a request on 3–9 by the defendant to have the Notes of Testimony of the suppression hearing and that resulted in a continuance to 4–21, which was the next trial date.

That's basically all I have. Is there anything in addition to that?

MR. KELLY [Counsel for appellant]: I would simply submit your Honor, the record in total does not show diligence on the part of the Commonwealth.

The complaining witness failed to appear a total of three times and the officer was injured on duty one time. Two times the Commonwealth was prepared for trial.

THE COURT: I'm going to make a finding of due diligence ....

(4/7/78 N.T. 2–3)

This finding was error. A mere allegation in the application that the Commonwealth was twice "ready to proceed to trial," and a docket record that the case was twice continued at the request of appellant, do not amount to proof by a preponderance of the evidence that the trial could not be

commenced within the prescribed period despite due diligence by the Commonwealth.[5]

-2-

The foregoing is not to say that the Commonwealth had to commence trial within the original mandatory period, which ended on March 27, 1978. By requesting a continuance until April 21, 1978, appellant acquiesced to the delay of trial until that date. In *Commonwealth v. Connor*, 258 Pa.Super. 246, 392 A.2d 776 (1978), we found a defendant to have waived the issue of a Rule 1100 violation when he requested a continuance five days before the run date, and then accepted a new trial date after the run date. *See also Commonwealth v. Ferebee*, 259 Pa.Super. 234, 393 A.2d 804 (1978) (both defendant and Commonwealth moved for continuance beyond run date); *Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975) (same). Therefore, had trial occurred on or before April 21, appellant's Rule 1100 argument would fail. However, trial did not commence until April 24.

According to the Commonwealth's brief, on April 21 appellant requested for the first time to have a trial by jury, with the result that his case had to be transferred from a courtroom designated for felony cases where the defendants had waived the right to a jury, to another courtroom designated for jury trials. Also, the Commonwealth says, it had not assembled a jury panel, and was unable to do so until April 24. The Commonwealth says that it found itself in this position because it had mistakenly believed that appellant had waived the right to a jury.

We find no basis in the record for this misunderstanding by the Commonwealth. There is no written waiver

5. It may also be noted that in addition to a finding of due diligence, there must be a "certification that trial is scheduled for the earliest date consistent with the court's business." *Commonwealth v. Mayfield*, 469 Pa. 214, 222, 364 A.2d 1345, 1349–50 (1976). There is no such certification here. It will be recalled that the Commonwealth's application was filed on March 15, 1978, and requested an extension until April 22, 1978, but that the lower court granted an extension until May 27, 1978. *See also Commonwealth v. Warman*, 260 Pa.Super. 130, 134, 393 A.2d 1046, 1048–49 n. 4 (1978).

by appellant of the right to trial by jury in the record, nor is there evidence of a colloquy in which appellant waived his right to trial by jury as required by Pa.R.Crim.P. 1101, which provides:

In all cases, the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record . . .

Nevertheless, the Commonwealth argues that the case should be remanded to allow it to prove that it exercised due diligence on April 21 in its efforts to assemble a jury panel for April 24. We have no power to order such a remand. It is settled that an application for an extension under Rule 1100(c) must be filed before the prescribed period has run. *Commonwealth v. Delauter*, 257 Pa.Super. 510, 390 A.2d 1354 (1978); *Commonwealth v. Wharton*, 250 Pa.Super. 25, 378 A.2d 434 (1977); *Commonwealth v. Dandy*, 252 Pa.Super. 387, 381 A.2d 972 (1977). Here, as we have discussed, the period ran on April 21. Therefore, if, because of a misunderstanding regarding whether the trial would be by a jury, and despite its due diligence, the Commonwealth could not start the trial by April 21, it was required to file an application for an extension no later than on April 21. However, the Commonwealth filed no such application.

The judgment of sentence of the lower court is reversed and appellant is discharged.

VAN der VOORT, J., files a dissenting opinion.

VAN der VOORT, Judge, dissenting:

I respectfully dissent from the holding of the majority wherein the trial of appellant is deemed to have begun on Monday, April 24, 1978, one day too late under Rule 1100.

Rule 1100(b) states,

"For the purpose of this Rule, trial shall be deemed to commence on the date the trial judge calls the case to trial."

The notes following the Rule elucidate what is meant by this.

"A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, . . ."

The majority's decision rests on their finding that the inability to assemble a jury panel prevented trial from commencing on Friday, April 21, 1978, the last day for Rule 1100 purposes. I would hold, however, that trial was actually "commenced," under the Rule, by the action of the judge, who, finding both parties and their counsel present on Friday, April 21, 1978, directed them to proceed to voir dire. Jurors not being available until Monday, April 24, 1978, the parties actually started their voir dire on that Monday. The Rule does not require that the parties sit down to select their jury on or before the 180th day. So long as the court directs them to proceed to voir dire and they do so without delay the trial has commenced.

Therefore, finding no merit in appellant's other contention, I would affirm the judgment of the lower court.