459 A.2d 399

**COMMONWEALTH of Pennsylvania**

v.

**Joseph HILL, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 13, 1981.

Filed April 15, 1983.

Hester, J., filed dissenting statement.

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, JOHNSON and MONTEMURO, JJ.

MONTEMURO, Judge:

Unfortunately, because of Pa.R.Crim.P. 1100, we must, for the reasons which follow, reverse the court below and discharge appellant who received a fair trial and who is guilty as charged. In this case, it is a mere four days that allows this appellant to say to himself, probably behind a hand hidden smirk, "what a crazy system." It is the kind of subservience to form over substance that brings about disrespect for the law and an understandable frustration on the part of all law abiding citizens. However, we must follow the law as enunciated by the Supreme Court and for that reason this appellant will be discharged.

Appellant, Joseph Hill, was found guilty following a non-jury trial of theft by unlawful taking [1] and receiving stolen property.[2] Subsequent to the denial of post-trial motions, appellant was sentenced to a term of eleven and one-half (11½) to twenty-three (23) months imprisonment. On October 31, 1978, appellant filed an appeal to this court contending that the lower court improperly granted two Commonwealth petitions for extension and, as a result, he

1. 18 Pa.C.S.A. § 3926.

2. 18 Pa.C.S.A. § 3926.

was not tried within the appropriate 180 day time period. See Pa.R.Crim.P. 1100(a)(2) and (c).

On January 4, 1980, this court entered a Per Curiam Order remanding the case to the lower court for the purpose of conducting an evidentiary hearing on the Rule 1100 issue, and thereafter, to either grant or deny appellant's motion to arrest judgment. *Commonwealth v. Hill*, 273 Pa.Super. 428, 417 A.2d 723 (1980).

On January 25, 1980, appellant filed a petition for allowance of appeal to the Supreme Court from this court's January 4 order, which was denied on September 17, 1980.

On September 23, 1980, the record was remanded to the court below.

On March 5, 1981 and April 27, 1981 the court below conducted hearings on the matter.

On August 4, 1981, the record was resubmitted to this court including the certified notes of testimony from the hearings held on the Commonwealth's petition for extension on July 6, 1978 and August 17, 1978.[3] Apparently, these notes were not made part of the record the first time the case was on appeal. We now address appellant's claim.

3.  This court's per curiam order of January 4, 1981 directing the lower court to conduct an evidentiary hearing and to either grant or deny appellant's motion in arrest of judgment required appellant to perfect an appeal from that order. This court did not retain jurisdiction. However, appellant never filed another appeal. Based on the peculiar circumstances presented here though, appellant cannot be faulted. On August 3, 1981, appellant's counsel notified the court below that she had not received a ruling on the motion to arrest judgment relevant to the remand hearing and believed that this court's remand required the court to enter such an order. The court below did not respond to the notification but did file an opinion ordering the dismissal of appellant's motion to arrest judgment on September 24, 1981. Prior to this, however, on August 4, 1981, this court issued a per curiam order *sua sponte* listing this case for submission at the Session commencing October 13, 1981. Counsel was notified of the above order, advised that the record had been filed in the Superior Court and that briefs had to be filed on or before September 13, 1981.

Given the fact that the court below never entered its ruling until September 24, 1981, and, that beforehand, this court *sua sponte* listed the case on appeal, we will decide the merits.

Specifically, appellant contends that the Commonwealth failed to prove due diligence at the extension hearings and that the Commonwealth, at the remand hearing, merely reiterated what it had stated at the second extension hearing without further proof. The facts relevant to the question raised by appellant are as follows:

Appellant was arrested and formally charged on December 15, 1977. His trial, however, did not begin until August 29, 1978 some 77 days after the original run date of June 13, 1978.

In its first petition for extension filed on June 8, 1978, the Commonwealth set forth these allegations:

3. The Commonwealth has exercised due diligence in this prosecution as:

(a) March 28, 1978—Commonwealth ready to proceed.

(b) April 10, 1978—Commonwealth ready to proceed.

(c) June 7, 1978—Commonwealth ready to proceed.

4. Despite due diligence, the Commonwealth will be unable to try the defendant before the original run date.

This petition was filed by the Commonwealth one day after the defense had been granted a continuance to July 20, 1978. On July 6, 1978, the Court below conducted a hearing on the petition and extended the run date to July 24, 1978. The following is the entire transcript of the proceeding:

MR. MINES [Counsel for appellant]: If I may, I'd like to file our Answer and Motion to Dismiss.

THE COURT: Initiation date 12-5-77 with a normal run date of 6-13-78. The Commonwealth filed their petition on 6-8. It is therefore timely filed.

I note one continuance on behalf of the defense from 6-7 to 7-20.

MR. MINES: That's correct.

THE COURT: I note a court continuance of 4-10 to 5-10, protracted case.

I note 3–28 to 4–10, application of defense, witnesses notified but unable to attend.

There is one application by the Commonwealth, 3–6–to 3–28.

Based on that—

MR. MINES: There is one application by the Commonwealth prior to that, 12–20–77.

THE COURT: There was a Motion to Suppress apparently heard on May 10th.

MR. MINES: Yes, your Honor.

THE COURT: The Court recused itself.

Based on that I'll make a finding of due diligence. The matter is now listed for July 20th, is that correct?

MS. KREVOLIN: Yes, Your Honor.

THE COURT: I'll make it the 24th, the weekend intervening.

The Commonwealth's position is that the record from the July 6 extension hearing supports the finding of due diligence by the Court below. We do not agree.

The circumstances presented in this case are quite similar to those found in *Commonwealth v. Mines*, 282 Pa.Super. 157, 422 A.2d 876 (1980), which provides an excellent statement of the law concerning our standard of review on this appeal, as well as a disposition on these facts:

This application is little more than a form. A mere allegation of due diligence is not sufficient to warrant a court order extending the mandatory time for trial under Rule 1100(c). See *Commonwealth v. Long*, 258 Pa.Super. 251, 392 A.2d 779 (1978); *Commonwealth v. Antonuccio*, 257 Pa.Super. 535, 390 A.2d 1366 (1978). However, an application that is no more than an allegation of due diligence is not defective *per se;* the Commonwealth may still obtain an extension if it presents sufficient evidence of due diligence at a hearing on the application. *Commonwealth v. Cimaszewski*, 261 Pa.Super. 39, 395 A.2d 931 (1978); *Commonwealth v. Myers*, 259 Pa.Super. 196, 393 A.2d 785 (1978). To be satisfied, the evidence

must be such as to prove by a preponderance of the evidence that despite the exercise of due diligence, the Commonwealth was unable to bring the defendant to trial within the prescribed period. *Commonwealth v. Ehredt,* 485 Pa. 191, 401 A.2d 358 (1979). In reviewing a hearing court's ruling on the application, we consider only the evidence presented by the Commonwealth, and so much evidence presented by the defense as, fairly read in the context of the record as a whole, remains uncontradicted. See *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977); *Commonwealth v. Sinor,* 264 Pa.Super. 178, 399 A.2d 724 (1979).

Here, the Commonwealth presented no evidence whatsoever. Instead, it left review of the case to the hearing judge:

THE COURT: ... Apparently, 12–2 to 12–29 there was a continuance at the request of the defendant. Then there was a request on 3–9 by the defendant to have the Notes of Testimony of the suppression hearing and that resulted in a continuance to 4–21, which was the next trial date.

That's basically all I have. Is there anything in addition to that?

MR. KELLY [Counsel for appellant]: I would simply submit your Honor, the record in total does not show diligence on the part of the Commonwealth.

The complaining witness failed to appear a total of three times and the officer was injured on duty one time. Two times the Commonwealth was prepared for trial.

THE COURT: I'm going to make a finding of due diligence ....

(4/7/78 N.T. 2–3)

This finding was error. A mere allegation in the application that the Commonwealth was twice "ready to proceed to trial," and a docket record that the case was twice continued at the request of the appellant, do not amount to proof by a preponderance of the evidence, that the trial

could not be commenced within the prescribed period despite due diligence by the Commonwealth.

The foregoing is not to say that the Commonwealth had to commence trial within the original mandatory period, which ended on March 27, 1978. By requesting a continuance until April 21, 1978, appellant acquiesced to the delay of trial until that date. In *Commonwealth v. Connor*, 258 Pa.Super. 246, 392 A.2d 776 (1978), we found a defendant to have waived the issue of a Rule 1100 violation when he requested a continuance five days before the run date, and then accepted a new trial date after the run date. See also *Commonwealth v. Ferebee*, 259 Pa.Super. 234, 393 A.2d 804 (1978) (both defendant and Commonwealth moved for continuance beyond run date); *Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975) (same). Therefore, had trial occurred on or before April 21, appellant's Rule 1100 would fail. However, trial did not commence until April 24. (Footnote omitted)

*Id.*, 282 Pa.Superior at 162–164, 422 A.2d at 879–880.

In *Mines,* this court went on to find that the Commonwealth had not established due diligence and, thus, the period had run on April 21, 1978. The court found no basis in the record for the Commonwealth's claim that they could not try the appellant on April 21 because of his first time request to be tried by a jury. The court concluded that:

Therefore, if, because of a misunderstanding regarding whether the trial would be by a jury, and despite its due diligence, the Commonwealth could not start the trial by April 21, it was required to file an application for an extension no later than on April 21. However, the Commonwealth filed no such application.

*Id.*, 282 Pa.Superior at 165, 422 A.2d at 880.

■ In the instant case, as in *Mines,* the Commonwealth merely stated in its petition that it was ready to proceed on three occasions but could not do so because of delays caused by the court and the defendant. This, however, is insufficient to support a finding of due diligence. No

testimony was presented and the court below relied upon the procedural posture of the case for its decision.

■ Moreover, similar to *Mines,* the Commonwealth in this case was not required to bring the appellant to trial on the original run date of June 13, 1978. Pursuant to *Commonwealth v. Connor, supra,* the defense requested continuance on June 7, 1978 extended the run date to July 20, 1978. Unfortunately, appellant was not tried until August 29, 1978 and the Commonwealth did not file a second petition for extension until July 24, 1978. The Commonwealth was required to begin appellant's trial on or before July 20 and if an extension was needed, due to the municipal employees strike, the petition should have been filed on that date, *Commonwealth v. Mines, supra.*

The judgment of sentence is reversed and appellant is discharged.

HESTER, J., files dissenting statement.

HESTER, Judge, dissenting:

I dissent. I would affirm on the opinion of Judge Blake of the court below to the effect that the Commonwealth exercised due diligence entitling it to Rule 1100(c) extensions.