385 A.2d 578

**COMMONWEALTH of Pennsylvania**

v.

**Kent B. IRWIN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided April 13, 1978.

Daniel E. Cohen, Easton, for appellant.

Robert A. Freedberg, Assistant District Attorney, Easton, and John E. Gallagher, District Attorney, Easton, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant was convicted in a jury trial of various charges including robbery and conspiracy. Appellant raises the contention that his trial counsel was ineffective in failing to move for dismissal on grounds that Pa.R.Cr.P. 1100 was violated.

The complaint in this matter was filed on November 23, 1974. Trial was eventually held on June 16, 1975, 204 days after the complaint. No extension was sought by the Commonwealth. No petition to dismiss was filed by appellant.

The main issue in this case centers around whether the period between February 11th and March 24th is excludable under Rule 1100(d)[1] as unavailability of defense counsel. Both parties recognize that there was a continuance in that period granted from February 24, 1975, to March 24, 1975, at the request of the appellant's attorney. Thus, it appears that a Rule 1100 argument is not a baseless claim.

Having determined that the waived issue does not appear baseless, we cannot proceed to the merits in light of *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). Accordingly, we remand the case to a lower court for a hearing on whether trial counsel was ineffective. If it is found that counsel had no reasonable basis designed to effectuate appellant's interests, appellant shall be granted leave to file his petition to dismiss under Rule 1100 *nunc pro tunc.*

PRICE and VAN der VOORT, JJ., respectfully dissent for the reasons set forth in Judge VAN der VOORT's dissenting opinion in *Commonwealth v. Byrd,* 250 Pa.Super. 250, 378 A.2d 921 (1977).

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

1. See *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).