390 A.2d 1354

**COMMONWEALTH of Pennsylvania**

v.

**James DELAUTER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Decided July 12, 1978.

Robert Bruce Evanick, Assistant Public Defender, York, for appellant.

Floyd P. Jones, Assistant District Attorney, York, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-
CONE, PRICE, VAN der VOORT, SPAETH and HECTOR,
JJ.

## OPINION

PER CURIAM:

This is an appeal from the judgment of sentence of the
Court of Common Pleas of York County, Criminal Division,
by the defendant-appellant, James Delauter, after conviction
of attempted robbery; and the denial of post-trial motions.

The complaint was filed against the defendant on Decem-
ber 1, 1975 and the period of 180 days would have expired on
May 28, 1976. On March 19, 1976 the defendant filed a
pre-trial application to remand the case for a preliminary
hearing at which the defendant would be represented by
counsel. On the same date the order of remand was made,
the Commonwealth returned the record to the District Jus-
tice for a preliminary hearing. A preliminary hearing was
held May 6, 1976 and the record was returned on May 11,
1976.

The Commonwealth filed an application for an extension
on June 2, 1976. A hearing was fixed on the application for
June 24, 1976. On June 18, 1976, the defendant filed an
application to dismiss the charges for violation of Pa.Rules
of Criminal Procedure 1100.

On June 24, 1976 the court entered an order on the
Commonwealth's application extending the time for trial on
or before July 2, 1976. On that date, the Commonwealth
filed another application to extend the time of trial. At the
hearing held on July 16, 1976, both the Commonwealth's
application to extend and defendant's application to dismiss
were considered. The Commonwealth's application was
granted and the defendant's application refused. Trial was
held on July 26, 1976.

The narrow issue presented is whether the first applica-
tion for extension on the 185th day was timely filed within
the rule. In *Commonwealth v. Millhouse*, 239 Pa.Super. 445,
362 A.2d 398 (1976) this Court held that:

"There are two pitfalls in the Commonwealth's reasoning '(1). Rule 1100 does not exempt pre-trial motions (other than a motion for a continuance) from the relevant time period. Thus, a request for discovery does not total the allotted time period under the rule . . . the rule, however, does provide that in such instances the Commonwealth must make a timely application for extension of time to prevent dismissal of the Commonwealth's case.' "

The defendant in this case did file a post-trial application to remand for a preliminary hearing and the court may well have found due diligence on the part of the Commonwealth for an extension if the petition had been timely filed. The court below treated the remand as being the same as a request for a continuance. If this is true, then every pre-trial application that causes delay in trial is, in effect, an application for continuance.

Rule 1100(c) provides as follows:

"(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

Rule 1100(d) provides:

"(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

(1) the unavailability of the defendant or his attorney;

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney,

provided that only the period beyond the thirtieth (30th) day shall be so excluded."

There is nothing in this case to indicate the exclusions provided in Rule 1100(d).

The court below is quite specific in its reasoning in support of the extension.

"Defendant first argues that any application by the Commonwealth to extend the time for trial which is not filed within 180 days from the date of the complaint is untimely. This clearly is not so. Paragraph (c) and (d) of Rule 1100 require only that such application be filed within 'the period for commencement of trial,' and Paragraph (d) provides for the exclusion from that period of certain periods of delay. Consequently, a Commonwealth application for an extension filed more than 180 days after the complaint still may be timely if made within 'the period for commencement of trial' calculated by excluding the permissible periods enumerated in Paragraph (d) . . . Defendant's application to remand the case for a preliminary hearing clearly had the effect of a request for a continuance. Hence, 23 days remaining of the 53 days delay after excluding the first 30 days must be charged to the defendant. Consequently, deducting such 23 days from the 185th day after the complaint on which the Commonwealth's application was filed means that such filing was on the 162nd day, within the permissible time limit."

In *Commonwealth v. Sheldon,* 462 Pa. 8, 364 A.2d 694 (1976), the Supreme Court held that the petition for an extension of time must be filed prior to the mandatory period and this time is to be computed from the filing of the complaint to the date in which the Commonwealth filed its application less any periods which are properly excludable under the speedy trial rule (1100[d]). If this time exceeds the time set forth in the rule, the petition is untimely.

Judgment reversed and the defendant discharged.