418 A.2d 599

**COMMONWEALTH of Pennsylvania**

v.

**Kent Bruce IRWIN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Feb. 8, 1980.

Petition for Allowance of Appeal Denied Sept. 23, 1980.

Daniel E. Cohen, Easton, for appellant.

Robert A. Freedberg, Assistant District Attorney, Easton, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

PER CURIAM:

Appellant, Kent Irwin, was convicted of robbery and the unlawful possession of a firearm at a jury trial in Northampton County. Appellant was sentenced to serve from four to eight years imprisonment and appealed from his judgment of sentence. His contention on appeal is that his trial counsel was ineffective for failing to file a motion to dismiss pursuant to Pa.R.Crim.P. 1100(f).[1] We remanded the case for a hearing on the ineffectiveness issue. *Commonwealth v. Irwin*, 254 Pa.Super. 166, 385 A.2d 578 (1978). After the hearing, the trial court concluded that trial counsel's decision not to file a petition to dismiss had a reasonable basis designed to effectuate his client's interests. It is from that decision that appellant presently appeals to our court. We affirm the order of the lower court.

A criminal complaint was filed against appellant on November 23, 1974. According to Pa.R.Crim.P. 1100(a)(2),[2] trial was to commence within 180 days or by May 22, 1975. Appellant's trial took place on June 16, 1975, a period of 205 days after the complaint was filed. In order to compute the

1. Pa.R.Crim.P. 1100(f) reads:
    "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

2. Pa.R.Crim.P. 1100(a)(2) reads:
    "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

period for commencement of trial, the rule further provides that excludable delays are those which resulted from

"(1) the unavailability of the defendant or his attorney; [or]

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded." Rule 1100(d)(1) and (2).

Our review of the record shows that there was only one continuance requested and granted, and that was for a period of 28 days upon the request of the defendant.[3] Since the continuance was for a period less than 30 days, none of the days are chargeable to the defendant. Pa.R.Crim.P. 1100(d)(2). The Commonwealth, then, has the burden of proving that the 25 days that elapsed between the 180 day period and trial were excludable from the running of Rule 1100 because either the defendant or his counsel was unavailable, or because appellant had waived his Rule 1100 rights, or because the Commonwealth had been granted an extension of time in which to bring appellant to trial. *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976).

Initially, we note that the Commonwealth did not file for an extension of time pursuant to Rule 1100(c).[4] However, if the Commonwealth can prove that the 25 days were automatically excludable under Rule 1100(d)(1), supra; *Commonwealth v. Millhouse*, 470 Pa. 512, 368 A.2d 1273 (1977), the Commonwealth's failure to file may be excused since the

---

**3.** By order of the lower court, the trial was continued from February 24, 1975 to March 24, 1975.

**4.** The Commonwealth is required to petition for an extension of time pursuant to Pa.R.Crim.P. 1100(c) which reads:

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

"time for commencement of trial" had not yet elapsed under Rule 1100(c). *Commonwealth v. Bussey*, 486 Pa. 221, 404 A.2d 1309 (1979).

The resolution of the instant case revolves around whether or not these 25 days are excludable from the run period due to defense counsel's unavailability. The record reflects that appellant was represented by at least six different attorneys prior to taking an appeal. Some were court appointed from the Public Defender's Office; one was a member of the bar who had been elevated to the bench; and, another private practitioner would not enter his appearance because a fee arrangement could not be reached. Yet, appellant continued to request time to retain private counsel, although he never did so. The trial judge held two hearings to rectify the confusion caused by appellant's insistence on retaining private counsel. The first hearing on February 11, 1975 seemed only to give appellant until February 24, 1975 to again try to retain private counsel.[5] Such time could be considered a request for a continuance of 13 days. See *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977). At the hearing on February 24, 1975, the trial court finally appointed counsel who actually presented pretrial motions and represented appellant at trial. Once appointed, trial counsel immediately requested a 28 day continuance due to the complexity of the issues involved in the case.

On remand concerning the effectiveness of this trial counsel in the failure to file a Petition to Dismiss under Rule 1100(f), trial counsel testified that he based his decision not to file first, on the belief that appellant had waived his Rule 1100 rights,[6] and second, on the belief that the long periods of time during which the appellant was either unrepresented

---

5. The lower court also instructed the Public Defender's Office to be prepared as a back-up, but the record does not show whether any action on the Public Defender's part took place.

6. Although there is testimony by appellant wherein he inquired as to how he could waive Rule 1100, there is no actual waiver on record. Trial counsel's close reading of the transcript revealed this and counsel sent a letter to appellant advising him of counsel's incorrect posture at trial regarding the waiver issue.

or that defense counsel was unavailable would have made such a motion futile. He further testified that his own request for a continuance, once appointed as counsel, demonstrated that he was not prepared to proceed with the case as soon as he received the appointment on February 24. The lower court agreed with counsel, holding that a petition to dismiss under Rule 1100(f) would have been denied due to counsel's unavailability.

In determining the effectiveness of trial counsel's actions, we are guided by the seminal language in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967):

"We cannot emphasize strongly enough . . . that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests."

In the instant case, the trial judge and all counsel were confused as to the status of appellant's legal representation and the periods of delay involved, a confusion engendered in no small part by appellant's lack of diligence in retaining counsel. From the record before us, the only thing that is clear is that the confusion ultimately gave trial counsel a reasonable basis to believe the gaps in representation and appellant's failure to retain private counsel were excludable from the Rule 1100 period. Hence when he was assigned the case, the alternative he chose was to ask for a continuance so he could prepare and present pre–trial motions as expeditiously as possible. Under the circumstances of this case, we conclude this was a reasonable basis upon which counsel's actions cannot be deemed constitutionally ineffective. *See Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

Order of the lower court affirmed.

HOFFMAN, J., concurs in the result.