421 A.2d 286

COMMONWEALTH of Pennsylvania, Appellant,

v.

Dennis GOLDWIRE.

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed July 18, 1980.

Steven H. Goldblatt, Deputy District Attorney, Philadelphia, for Commonwealth, appellant.

Neil P. Greenberg, Philadelphia, for appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

The Commonwealth appeals from the order of the lower court that granted appellee–defendant's post-trial motions and discharged defendant on the basis that his speedy trial rights under Pa.R.Crim.P. 1100 had been violated. We reverse the order of the lower court and remand for further proceedings.

■ Criminal complaints were filed against appellee on April 28, 1977 and May 6, 1977, charging him with robbery, conspiracy, assault, theft, and unauthorized use of an auto. According to Pa.R.Crim.P. 1100(a)(2),[1] the Commonwealth had to bring appellee to trial on these complaints by October 25, and November 6, 1977, respectively. Appellee's trial on both complaints began on December 1, 1977, which was outside the time period of the 180 day rule. Therefore, the burden rested on the Commonwealth to prove that the time beyond the 180 day period was properly excluded from the run period by the Commonwealth's timely filing of a petition to extend,[2] or by other exclusionary provisions of Rule 1100.[3] *Commonwealth v. Clark*, 256 Pa.Super. 456, 390 A.2d 192 (1978).

1. Pa.R.Crim.P. 1100(a)(2) reads:
   "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

2. Pa.R.Crim.P. 1100(c) reads:
   "(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

3. See, e. g., Rule 1100(d)(1) & (2).

Although the record is confused, the following sequence of events appears to have occurred in this case. On October 24, 1977, the Commonwealth originally filed two petitions for extensions of time as to both complaints. These were timely filed before the run date of October 25 as to the first complaint. Appellee did not file an answer to the petitions nor is there any indication or argument that appellee or his counsel were improperly served with a copy of these petitions. A hearing was held on November 4, 1977, and an extension granted until November 9, 1977.

On November 4, 1977, the Commonwealth petitioned for a second extension of time as to both cases. Once again, appellee failed to answer the petition. A hearing was allegedly held on November 28, 1977, and either the extension was granted or the hearing continued until December 2, 1977.[4] On December 1, 1977, trial began as to both complaints. On December 5, 1977, the third day of trial, defense counsel moved for a mistrial on the basis that Rule 1100 may have been violated. He contended that the record indicated that the Commonwealth's petition to extend filed on November 4 had been granted when, in reality, no extension was granted and the hearing on that petition had been continued until December 2, 1977. Defense counsel argued that this is why he had not contested the petition, since he expected to have that opportunity on December 2. The motion for mistrial was denied and appellee was convicted on all counts.

On December 14, appellee's counsel filed post–trial motions alleging detailed Rule 1100 violations. The lower court judge arrested judgment and ruled that the petitions for extension of time by the Commonwealth were improperly granted and that defendant's "failure to answer and deny petitions as general and empty as [those filed by the Commonwealth] meant nothing." Based on this finding, along with additional reasons as to why the extensions should not have been granted, the trial court discharged appellee.

4. The Commonwealth brief states that the Rule 1100 hearing itself was continued until December 2. Since trial had already begun, consideration of the petition was never resumed. This discrepancy in the file is mentioned during the trial on December 5.

■ On appeal, the Commonwealth argues that any contention that Rule 1100 was violated has been waived by defense counsel's failure to either answer the Commonwealth's petitions for extension or file a petition to dismiss pursuant to Rule 1100(f). The rule itself and numerous cases support the Commonwealth's position. Rule 1100(f) provides that:

> "(f) At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

At no time was there an attempt to file a motion to dismiss pursuant to this rule. In such situations our court has held that failure to file a written motion, or orally move to dismiss, constitutes a waiver of the accused's right to a speedy trial under Rule 1100. *Commonwealth v. Jackson,* 261 Pa.Super. 355, 396 A.2d 436 (1978); *Commonwealth v. Lewis,* 253 Pa.Super. 442, 385 A.2d 420 (1978); *Commonwealth v. Yancey,* 251 Pa.Super. 478, 380 A.2d 880 (1977). This alone would be a sufficient basis to rest a decision for waiver and therefore a reversal of the lower court's order.

Additionally, defense counsel did not respond to the Commonwealth's two petitions to extend. In this situation our cases have also held that such failure acts as a waiver. *Commonwealth v. Taylor,* 473 Pa. 400, 374 A.2d 1274 (1977); *Commonwealth v. Jackson, supra.* Admittedly, the Commonwealth's form petitions are not to be condoned. *Commonwealth v. Ray,* 240 Pa.Super. 33, 360 A.2d 925 (1976). However, neither of these factors excuses defense counsel's failure to respond to the petitions to extend or at least register some objection at the hearings, regardless of how short they may have been.[5] *Commonwealth v. Burton,* 246

---

5. We specifically note that defense counsel was present for the brief hearings on Rule 1100 and offered no testimony. This fact disallows

Pa.Super. 498, 371 A.2d 946 (1977). Thus, for the reasons that defense counsel failed to answer or contest the Commonwealth's petition for extension and failed to file a petition to dismiss, any contention that defendant's speedy trial rights were violated was waived, *Commonwealth v. Wilson*, 258 Pa.Super. 231, 392 A.2d 769 (1978).

Appellant argues that if we make a finding of waiver, then his trial counsel was ineffective for failing to challenge the Commonwealth's petitions to extend the Rule 1100 period. His thrust in this argument is that the Commonwealth did not prove that it had been duly diligent in bringing appellant to trial and, therefore, the extensions should not have been granted.

■ The standard for determining whether counsel was ineffective is whether or not a particular course of action chosen by counsel had some reasonable basis designed to effectuate the client's interests. The test is not one of hindsight, but simply whether some reasonable basis existed. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967); *Commonwealth v. Jackson*, 262 Pa.Super. 151, 396 A.2d 690 (1978); *Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977). When applying this standard to the case before us, we must first determine whether appellant's claim that the Commonwealth was not duly diligent in bringing him to trial was meritorious. If it was, then counsel may be deemed ineffective since it would appear that counsel would have no reasonable basis for failing to object to a meritorious speedy trial claim. *Commonwealth v. Byrd, supra*. However, if the claim is not meritorious, trial counsel was not required to raise a frivolous motion and consequently, his action, or inaction in this case, could not have been held to constitute ineffectiveness. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978).

the possibility that appellant or counsel was not properly notified of the hearing date which would constrain us to remand for an evidentiary hearing on that ground. *Commonwealth v. Jones*, 258 Pa.Super. 50, 391 A.2d 667 (1978); *Commonwealth v. Wareham*, 256 Pa.Super. 23, 389 A.2d 581 (1978).

■ The record before us reveals that the Commonwealth filed "form" petitions to extend the time for trial which merely claimed the Commonwealth had been duly diligent in bringing appellant to trial. Although these petitions have been condemned, and conclusory allegations of due diligence will not support extensions of time, *Commonwealth v. Antonuccio*, 257 Pa.Super. 535, 390 A.2d 1366 (1978), there were hearings on the petitions for extension at which time the Commonwealth could have supported its allegations. *Commonwealth v. Myers*, 259 Pa.Super. 196, 393 A.2d 785 (1978). At these hearings, the judge merely looked at the recorded docket entries and found due diligence. The Commonwealth was not asked to come forward with any additional evidence other than the record itself since the petition was uncontested and unanswered. Now, however, the Commonwealth contends that it could have presented several arguments to support the extension, including judicial delay from July 8 through August 16, 1977, appellant's request that the suppression hearing judge recuse herself, and the subsequent delay in scheduling the trial after that. Allegedly, these facts were known to the Rule 1100 hearing judge as well as to appellant's trial counsel, but the record before us does not permit us to make a judgment on the merits of this contention. In light of the incompleteness and conflicting versions of facts allegedly known to the parties and counsel, we are constrained to remand to the lower court for clarification of the record and for an evidentiary hearing on the effectiveness of appellant's trial counsel, especially as to his particular knowledge of the circumstances surrounding the petitions to extend. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Irwin*, 254 Pa.Super. 166, 385 A.2d 578 (1978).

Order of the lower court reversed and case remanded.