459 A.2d 1225

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Dennis GOLDWIRE.**

**COMMONWEALTH of Pennsylvania**

v.

**Dennis GOLDWIRE, Appellant.**

Superior Court of Pennsylvania.

Argued April 21, 1982.

Filed Jan. 21, 1983.

Reargument Denied March 29, 1983.

274

Wieand, J., filed concurring and dissenting statement.

Paul Steven Diamond, Assistant District Attorney, Philadelphia, for Commonwealth.

Edward V. Schulgen, Philadelphia, for Dennis Goldwire.

Before WICKERSHAM, BROSKY and WIEAND, JJ.

BROSKY, Judge:

These cross appeals are before us following a rather complicated procedural history, a brief summary of which follows. Criminal complaints were filed against Dennis Goldwire on April 28, 1977 and May 6, 1977 charging him with robbery, conspiracy, assault, theft, and unauthorized use of an auto.

Pursuant to Rule 1100, Mr. Goldwire had to be brought to trial by October 25, 1977 (as to the complaint filed on April 28, 1977) and by November 6, 1977 (as to the complaint filed on May 6, 1977). The charges were assigned two different case numbers, but were ordered to be consolidated on September 8, 1977. Trial commenced on December 1, 1977. Post-verdict motions challenging the timeliness of the trial were granted and the charges were dismissed for violation of Pennsylvania Rule of Criminal Procedure 1100. Specifically, the lower court found that petitions for extensions of time that were filed by the Commonwealth were improperly granted.

The Commonwealth appealed that decision to the Superior Court. We held in *Commonwealth v. Goldwire*, 279 Pa.Super. 451, 421 A.2d 286 (1980), that by failing to answer or contest the Commonwealth's petition for extension and failing to file a petition to dismiss, Mr. Goldwire has waived any contention that his speedy trial rights were violated. On that appeal, Mr. Goldwire had argued that if he were found to have waived the Rule 1100 argument, we should find that he had been denied effective assistance of counsel. We considered that argument but found the record inadequate and therefore remanded to the lower court saying,

In light of the incompleteness and conflicting versions of facts allegedly known to the parties and counsel, we are constrained to remand to the lower court for clarification of the record and for an evidentiary hearing on the effectiveness of appellant's trial counsel, especially as to his particular knowledge of the circumstances surrounding the petitions to extend.

Id., 279 Pa.Superior at 457, 421 A.2d at 289.

On remand, the lower court determined that counsel had been ineffective as to one of the cases. The charges were dismissed as to that case and sentence was imposed on the remaining counts. Both parties appealed. Because we agree with the lower court's assessment of the ineffective assistance of counsel claim, we affirm.

■ It is well settled that the standard for determining whether counsel was ineffective is whether or not a particular course of action chosen by counsel had some reasonable basis designed to effectuate the client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). As we explained in *Goldwire*, supra, when applying this standard to the case before us, we must first determine whether appellant's claim that the Commonwealth was not duly diligent in bringing him to trial was meritorious. If it was, then counsel may be deemed ineffective since it would appear that counsel would have no reasonable basis for failing to object to a meritorious speedy trial claim. Id. 279 Pa.Super. at 456, 421 A.2d at 288.

On October 24, 1977 (prior to the run date of October 25 as to the first complaint), the Commonwealth presented to the lower court petitions to extend the time of trial of these cases. No answer was filed on Mr. Goldwire's behalf. A hearing was held on November 4 at which time an extension was granted to November 9.[1]

1. On remand, the lower court determined that the November 4 hearing is the crucial point at which counsel's effectiveness is at issue. As the court notes, the subsequent delay of November 9 to December 1 was at the motion of Mr. Goldwire (although the Commonwealth

The petitions which the lower court granted on November 4 were the "form" type the use of which has been condemned. Mr. Goldwire argues that his attorney should have contested the petition; instead, she neither filed a written answer nor offered argument at the November 4 hearing on them. On remand, the lower court found that counsel was ineffective in not contesting the petition as to "case 1," [2] but that a contest of the petition as to the other case, "case 2," [3] would have lacked merit.

At the hearing on November 4, the presiding judge who granted the petitions made mention only of "case 1." He granted the petition following the Commonwealth's assertion that there had been a judicial delay in the case from July 8 to August 16. Apparently, based on this representation, the petition was granted. The lower court found on remand, however, that the record does not support the assertion of judicial delay as to "case 1." During the July-August period, the cases were not yet consolidated. The remand court found that as to Case 1, a Commonwealth continuance was sought and granted from July 8 to July 28. No reason is stated in the record. A further Commonwealth continuance was granted from July 28 to September 8 so that it could prepare to contest a suppression motion filed by Mr. Goldwire.

The record indicates, therefore, that the Commonwealth inaccurately stated the dates in question as to Case 1. Furthermore, the record does not support the conclusion that the July delay was judicial. Mr. Goldwire's counsel made no objection at the remand hearing. It was stipulated that his prior counsel, who was not present at the remand hearing, would testify that on November 4 she did not have the files with her and therefore offered no objection. We

seems also to have sought such a continuance). Because we can reach the issues before us based on events up to November 4, we will confine ourselves to that period and avoid the further confusion that apparently later ensued.

2. Bills 1819–23.

3. Bills 1091–92 May Term 1977.

agree with the lower court's conclusion that her inaction has no reasonable basis designed to further her client's interests.

As to Case 2, the record indicates that the first listing was for July 18, 1977, but that the case was not reached by the court, despite Commonwealth readiness. A continuance was therefore granted to August 16, 1977.

Had trial counsel objected to the petition as to this case at the November 4 hearing, the trial court could properly have found the July-August period excludable. Therefore, the claim foregone by counsel's silence was, as to Case 2, not of arguable merit.

We come now to the disposition of this case. As to the charges contained in Bills 1091–2, May Term, 1977, "Case 2," the case is remanded for sentencing pursuant to *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977).[4]

■ As to the charges contained in Bills No. 1819–23 May Term, 1977, the appellant is discharged.[5]

WIEAND, J., files concurring and dissenting statement.

WIEAND, Judge, concurring and dissenting:

I agree with the majority's disposition of the ineffective assistance of counsel claims. However, I disagree with the decision to remand for resentencing in Bills 1091–1092, May Term, 1977 (Case 2). Neither party has preserved or ar-

---

**4.** On previous remand, the lower court imposed sentence apparently believing such a step to be necessary to effectuate the instant appeal. The sentencing requirements articulated in *Riggins* were not followed.

**5.** We order discharge cognizant of the fact that normally upon a finding of ineffective assistance of counsel for failure to raise a Rule 1100 claim, we would remand for a Rule 1100 hearing. See, e.g., *Commonwealth v. Lennox*, 286 Pa.Super. 41, 428 A.2d 228 (1981).

However, the peculiar facts of the case call for a different result. Although we have previously determined that appellant waived the Rule 1100 issue, see *Goldwire, supra,* there was nevertheless a Rule 1100 hearing below. It is clear that the Commonwealth is only permitted one opportunity to prove the need for a Rule 1100 extension. See *Commonwealth v. Alston*, 286 Pa.Super. 290, 428 A.2d 997 (1981). To remand for another Rule 1100 hearing would give the Commonwealth an impermissible "second bite at the apple."

gued the sufficiency of the reasons for the sentence imposed; and, since the legality of the sentence is clear, I would not consider this issue sua sponte.