469 A.2d 639

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Louis KRIPPLEBAUER.**

Superior Court of Pennsylvania.

Argued April 27, 1983.

Filed Nov. 25, 1983.

Reargument Denied Jan. 26, 1984.

Petition for Allowance of Appeal Granted Aug. 16, 1984.

318

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellant.

Michael James Healey, Pittsburgh, for appellee.

Before ROWLEY, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

The Commonwealth contends that the lower court erred in discharging appellee because he was denied a speedy trial guaranteed him by the Interstate Agreement on Detainers, 42 Pa.C.S.A. § 9101, Art. IV(c). We disagree and, accordingly, affirm.

On November 9, 1981, appellee was brought to Pennsylvania to face a conspiracy charge. Pursuant to the Agreement on Detainers, the Commonwealth was required to bring appellee to trial within 120 days, or before March 9,

1982. On December 10, 1981, the Commonwealth petitioned to consolidate appellee's case with those of two co-defendants and inadvertently listed appellee's rundate as April 4, 1982.[1] On December 17, the lower court set a tentative trial date of January 19, 1982. However, on December 28, the lower court held a preliminary hearing and subsequently granted appellee thirty days in which to file pre-trial motions. On January 19, the Commonwealth's motion to consolidate was denied because the charges against appellee's co-defendants were dismissed. The lower court denied the Commonwealth's request to set the trial for January 29, just one day after the termination of appellee's thirty day period for filing pre-trial motions, noting the request was unreasonable and gave the court no time to consider any motions filed. The lower court, relying on the Commonwealth's original, albeit mistaken, rundate, then scheduled the trial for March 30.[2] On March 12, appellee filed a motion to dismiss because he had not been tried within the requisite 120 days. On March 16 the Commonwealth, having renewed charges against the co-defendants, again petitioned for consolidation. The petition was granted, but trial was postponed until May 3 because of the unavailability of counsel for one co-defendant. On March 31, the Commonwealth petitioned to extend the time for trial, again, mistakenly pursuant to Pa.R.Crim.P. 1100. Finally, on July 9, the lower court, finding that appellee had not been tried within 120 days of his entering Allegheny County, dismissed the conspiracy charge. The Commonwealth appeals his dismissal.

The Detainer Agreement provides:

**1.** The Commonwealth evidently calculated a 180-day rundate pursuant to Pa.R.Crim.P. 1100 instead of a 120-day rundate provided for in the Detainers Act.

**2.** Had the Commonwealth advised the lower court of the correct rundate under the Detainers Act, the court could have set a trial date before the March 9, 1982 deadline. We, however, agree with the lower court that neither the court nor appellee was required to independently calculate the rundate but both were entitled to rely on the official court papers.

In respect of any proceeding made possible by this article, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

42 Pa.C.S.A. § 9101 Art. IV(c). The Act also states that: In determining the duration and expiration dates of the time periods provided in Articles III and IV of this agreement, the running of said time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter.

42 Pa.C.S.A. § 9101 Art. VI(a).

The Commonwealth maintains that the lower court erroneously dismissed the charge because appellee had been "unable to stand trial" during the thirty day period he requested to file pre-trial motions [3] and on the requested trial date one day later, thus the rundate was extended at least to April 9, 1982, making the Commonwealth's petition to extend timely. We find this contention meritless. Our Supreme Court has held the 120-day period tolled by a defendant's consenting to waive his speedy trial rights and by his own requests for continuance. *Commonwealth v. Washington*, 488 Pa. 133, 411 A.2d 490 (1979) (defendant agreed to a continuance six days before the 120-day rundate and, although the issue was not addressed, requested and was granted six continuances).

Here, however, appellee neither voluntarily waived his speedy trial rights by his own actions, nor consented to their waiver. Rather, appellee exercised his right, pursuant to Pa.R.Crim.P. 307, in requesting thirty days after his preliminary hearing to file pre-trial motions. At no time did appellee request a "continuance" that would have necessitated setting back the proposed trial date. Defendants'

---

**3.** The Commonwealth's own motion to consolidate prompted appellee's request for thirty days to review the voluminous pre-trial records of all three defendants and file appropriate pre-trial motions.

motions to remand for and request a new preliminary hearing have not been treated by our Court as requests for continuances. *Commonwealth v. Goodman*, 260 Pa.Superior Ct. 266, 393 A.2d 1256 (1978); *Commonwealth v. Delauter*, 257 Pa.Superior Ct. 510, 390 A.2d 1354 (1978). In *Goodman*, the Court reiterated its express disapproval in *Delauter* of courts' considering a "remand for a preliminary hearing as a request for a continuance," *Goodman, supra*, 260 Pa.Superior Ct. at 277, 393 A.2d at 1261, and noted "[i]f this is true, then every pre-trial application that causes delay in trial is, in effect, an application for continuance." *Delauter, supra*, 257 Pa.Superior Ct. at 512, 390 A.2d at 1355. Because a request for a preliminary hearing is part of the pre-trial proceedings to which a defendant is entitled, and is not considered a "continuance," we conclude that a request for thirty days to file pre-trial motions is equally part of pre-trial proceedings, and must be similarly treated.[4]

Accordingly, we find that appellee's exercising his right to file pre-trial motions does not amount to a request for a continuance and does not affect his ability to stand trial. We therefore affirm the lower court's dismissal of appellee pursuant to the Agreement on Detainer.[5]

Affirmed.

POPOVICH, J., files a concurring opinion.

ROWLEY, J., files a dissenting opinion.

4. Because we find appellee's request for thirty days not a "continuance," the Commonwealth's reliance on *Commonwealth v. Mallon*, 279 Pa.Superior Ct. 350, 421 A.2d 234 (1980) (appellant voluntarily waived speedy trial rights in exchange for a return to a prison he preferred in New Jersey), is misplaced.

5. Because we hold that appellee did not request a continuance that tolled the 120-day period, tolling the period for the one day following the thirty days, when the Commonwealth requested trial, would not make the Commonwealth's petition to extend timely. Therefore, we need not address this contention.

POPOVICH, Judge, concurring:

I agree with the result reached by Judge Hoffman, but write separately to make two points. First, since the Commonwealth initiated the filing of charges that commenced the workings of the legal process, it was cloaked with the obligation of assuring the accused that all *procedural* and substantive due process requirements were complied with; one of which was the right to a speedy trial. Such a right has been equated, at least under the Agreement on Detainers Act (42 Pa.C.S.A. § 9101 *et seq.*) as well as our own Pa.R.Crim.P. 1100, with a time stricture (i.e., 120 days for the former and 180 days for the latter).

Under the record here, appellant is entitled to the relief provided for under the law because the Commonwealth has failed to meet its obligation to bring the appellant to trial within the 120 days called for under the Agreement on Detainers Act. 42 Pa.C.S.A. § 9101 (Art. IV(c)).

Second, the Commonwealth's contention that the 30 days granted the appellant to prepare his pre-trial motions are excludable from the 120-day time table, and this makes its petition for an extension to try the appellant proper and the ultimate trial timely, is tenuous. For example, even under the applicable section of Rule 1100 in effect at the time in question, *only that period exceeding the 30 days granted the appellant for a continuance,* assuming for the sake of argument that appellant's pre-trial motions request is the equivalent of a request for a continuance, *is excludable from the calculation of the 180-day run date.*[1] Pa.R. Crim.P. 1100(d)(2). This analogy is proper inasmuch as the Commonwealth wishes us to apply Rule 1100 case law in making our determination. Thus, since the trial court granted appellant only 30 days to act on various pre-trial matters, the time consumed in this endeavor would *not* be excluded from the 120-day run date. *Cf.* 1981 version of

---

**1.** Paragraph (d) of Rule 1100, as it regards the exclusion of defense-requested continuances, was specifically deleted from the present version of Pa.R.Crim.P. 1100. *See Note* to Pa.R.Crim.P. 1100, 1983 edition, which indicates that the change became effective on or after January 1, 1982.

Pa.R.Crim.P. 1100(d)(2). In other words, the Commonwealth cannot circumvent this "30-day plus" method of tabulation as a means of ascertaining whether it acted with due diligence in bringing appellant to trial.

ROWLEY, Judge, dissenting:

Article IV(c) of the Interstate Agreement on Detainers [42 Pa.C.S.A. § 9101] (the Agreement) provides that any prisoner returned to a receiving state pursuant to Article IV of the Agreement for trial on an untried information or complaint shall be tried "within 120 days of the arrival of the prisoner in the receiving state, *but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.*" Because my review of the record in this case convinces me that a continuance beyond the 120-day period was not only reasonable but necessary, I respectfully dissent.

This is not, to say the least, a simple case. Therefore, a review of the record events is appropriate. On October 6, 1981, an information was filed by the District Attorney of Allegheny County charging the appellee, Louis Kripplebauer, with criminal conspiracy a felony of the second degree. It was charged that Mr. Kripplebauer conspired with five other named individuals to commit the crimes of criminal homicide, theft by extortion, kidnapping and robbery. The alleged victims of the conspiracy were two prominent citizens of the Pittsburgh area. It is charged that the offenses were to be carried out through a highly sophisticated plan involving the use of explosives and electronic devices.

On November 9, 1981, appellee was transferred from the United States Penitentiary at Lewisburg, Pennsylvania to Allegheny County pursuant to the provisions of Article IV of the Agreement. On December 10, 1981, the Commonwealth petitioned to consolidate appellee's case with the cases of two of the alleged co-conspirators, one Gary Small and one Henry Ford. The following day, December 11,

1981, appellee was arraigned. On December 17, 1981, appellee filed an answer to the Commonwealth's petition for consolidation. He also filed a motion to quash the information based on the Commonwealth's alleged failure to comply with the procedural requirements of the Agreement. He also requested that he be granted a preliminary hearing because the grand jury presentment did not recommend his prosecution. Appellee's request for a preliminary hearing was granted and it was scheduled for December 28, 1981. On December 28, 1981, a preliminary hearing was held for the appellee before the Honorable Ralph J. Cappy, Judge of the Court of Common Pleas of Allegheny County. At the conclusion of that hearing, appellee was held for court and, at his request, was granted 30 days to file pre-trial motions. He claimed 30 days were necessary because of the voluminous records in the cases of three co-conspirators.

Subsequently, due to a technicality, the charges against the alleged co-conspirators, Gary Small and Henry Ford, were dismissed. As a result, the Commonwealth's petition to consolidate appellee's case with theirs for trial was denied on January 19, 1982. The Commonwealth then requested that appellee's trial be set for January 29, 1982. The defendant objected to the Commonwealth's request, however, claiming that more time was necessary to prepare for his defense. The trial court denied the Commonwealth's request and set the trial for March 30, 1982.

On January 28, 1982, (the last day to file pre-trial motions) appellee filed an omnibus pre-trial motion. The motion was ten and one-half pages long and, among other things, included a request to adopt motions for suppression and motions to dismiss filed by three of the alleged co-conspirators; appellee's own motion to suppress; a motion to bar testimony of one of the alleged co-conspirators who it was believed would be a Commonwealth witness; a motion to quash on the ground of prosecutorial misconduct; a motion to dismiss raising the statute of limitations; a motion to quash claiming that the grand jury that had investi-

gated these matters did not recommend his prosecution and other motions.

Subsequently, appellee filed a motion for the appointment of a private investigator and an expert witness to aid him in the preparation of his case. It was alleged, inter alia, that an investigator was needed to seek information involving activities that had allegedly occurred in the cities of Pittsburgh and Philadelphia, as well as the states of New Jersey and California. It was further alleged that issues had been raised regarding explosives and electronic gear that would require consultation with and testimony from experts in both fields.

On March 12, 1982, there was filed in the office of the Clerk of Courts a *pro se* motion by the defendant to dismiss the charges, which motion was dated March 11, 1982. The basis of appellee's *pro se* motion for dismissal was the failure of the Commonwealth to bring him to trial within 120 days after his return to Allegheny County.[1]

On March 16, 1982, the Commonwealth again filed a petition to consolidate appellee's charges with those against the alleged co-conspirators, Gary Small and Henry Ford, which had been refiled and were set for trial. This petition for consolidation was granted by the trial court. On March 31, 1982, the Commonwealth presented a petition to extend the time for commencement of trial. Judge Cappy granted the petition and set May 3, 1982, but not later than July 20, 1982, as the time for trial. Subsequently, on July 9, 1982, defendant's motion to dismiss the charges was granted.

Under all of the circumstances disclosed by the record, it is my opinion that due to the nature of the charges, the number of alleged conspirators involved, the multiplicity of pre-trial motions filed on appellee's behalf, and appellee's claim that investigation was necessary as far away as the

1. Although the majority state that appellee was entitled to rely on the Commonwealth's erroneous calculation of the run date, it would appear that appellee did not rely on the Commonwealth's calculation but was well aware of the passage of time and had made his own calculation.

state of California, the granting of additional time within which to bring appellee to trial was necessary. I would treat the Commonwealth's petition of March 31, 1982, as a request for a continuance which, for all practical purposes, it was. Nor would I bar consideration of the petition merely because it was presented after the technical run date. It is to be noted that the Agreement does not contain a provision requiring that requests for continuances be presented prior to the running of the 120-day period.

One of the purposes behind the passage of the Agreement by the Legislature was the elimination of prejudice suffered by prisoners against whom detainers were lodged. Prior to the enactment of the Agreement, a prisoner's status within the prison system was often profoundly affected by the filing of a detainer. Prisoners were often classified as escape risks or denied institutional privileges as well as trustee status. In the opinion of those that drafted the Agreement, the filing of a detainer, without an efficient and uniform system of disposing of the underlying charges, adversely affected the prisoner's motivation to become involved in rehabilitative programs. In addition, the prisoner's prospects for parole or executive clemency were often diminished. The Agreement, when enacted, also protected the rights of the community to effective, efficient and prompt prosecution of criminal charges. It is my opinion that discharging the appellee in this case will serve none of the foregoing purposes.

The record shows quite clearly that the appellee at no time desired to proceed to trial. While he had a right to utilize all available pre-trial techniques to prepare his case, the fact that he has done so should not be disregarded in determining whether or not more than 120 days is necessary to begin the trial. On the contrary, the record shows that the Commonwealth requested that trial be scheduled within the 120 days but the request was denied when appellee objected. The reason for the denial was that *appellee* required *more* time to prepare. Furthermore, there is not the least suggestion in the record that appellee

would have been prejudiced or harmed in any way by postponing the trial for an additional 60 or 90 days. There is no suggestion, and it is not even claimed, that a reasonable period of additional time spent in Allegheny County would affect his status within the Federal prison system or deny him any significant institutional privileges. Nor is there any suggestion that his prospects for parole or other relief would be hindered.

As already indicated, this record warrants the inference that the appellee personally was aware of the 120-day run date. He was aware that the Commonwealth had miscalculated and he utilized every procedural device available to delay trial beyond the 120th day. Within two days thereafter, he executed a petition to dismiss the charges. While the purposes of the Agreement are laudable and the Agreement should be construed to carry out those purposes our courts should not permit it to be used as a trap to penalize the citizens of the Commonwealth. Rules or statutes of procedure should be utilized "in the spirit in which they were written—as rules intended to achieve an orderly and just disposition of a dispute—...." *Commonwealth v. Finfrock*, 257 Pa.Super. 555, 559–560, 391 A.2d 621, 623 (1978).

Although expressed in reference to Pa.R.C.P. 1100, the sentiments set forth in *Commonwealth v. Genovese*, 493 Pa. 65, 72, 425 A.2d 367, 371 (1981) apply with equal force and persuasion here. "So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime. In considering matters such as that now before us, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipu-

late the system." *Commonwealth v. Genevese, supra,* 493 Pa. at 72, 425 A.2d at 371.

In my opinion, there has been no misconduct on the part of the Commonwealth or any effort to evade or dilute any of appellee's rights. On the contrary, it appears to me that the system has been manipulated in this case. Since I am persuaded that neither the Agreement nor our case authority *mandate* appellee's discharge, I would reverse and remand this case for trial.