## Commonwealth v. Kratzer

*Joseph Toddy, assistant district attorney,* for the Commonwealth.

*Christopher J. Foust,* for defendant.

KREHEL, *P.J.,* June 18, 1985—Before the court is the Commonwealth's petition for extension of time to commence trial and defendant's motion to dismiss for failure to comply with Pa.R.Crim.P. 1100.

On May 14, 1984, a complaint was filed charging defendant with Driving Under the Influence of Alcohol, 75 Pa.C.S. §3731(a)(1), Driving Under the Combined Influence of Alcohol and a Controlled Substance, 75 Pa.C.S. §3731(a)(3), Speeding, 75 Pa.C.S. §3362(a), Reckless Driving, 75 Pa.C.S. §3714 and Failure to Use Turn Signals, 75 Pa.C.S. §3334(a). At the preliminary hearing on June 12, 1984, all five charges were held for court.

The Commonwealth requested an extension of time to commence trial on October 10, 1984. This request was granted on October 17, 1984 by this judge.

The Commonwealth requested another extension of time to commence trial on December 5, 1984.

This request was granted on December 12, 1984.

The Commonwealth again requested an extension of time to commence trial on January 24, 1985. This request was granted by order of the Honorable Samuel C. Ranck on February 8, 1985.

The present petition for extension of time to commence trial was filed by the Commonwealth on May 30, 1985. On June 13, 1985, a hearing was held on the Commonwealth's petition, at which time defendant requested a dismissal of the charges due to alleged violations of Pa.R.Crim.P. 1100. In particular, defendant alleged that the Commonwealth's petition for extension was untimely filed and that the Commonwealth failed to exercise due diligence in bringing this case to trial.

It is clear that a petition for extension of time must be filed prior to the expiration of the mandatory period computed from the filing of the complaint to the date the Commonwealth files its petition, less any time properly excluded under Pa.R.Crim.P. 1100(d). Commonwealth v. Shelton, 469 Pa. 8, 364 A.2d 694 (1976); Commonwealth v. Delauter, 257 Pa. Super. 510, 390 A.2d 1354 (1978); Commonwealth v. Morgan, 484 Pa. 117, 398 A.2d 972 (1979); Commonwealth v. Mines, 282 Pa. Super. 157, 422 A.2d 876 (1980); Commonwealth v. Schlegel, 57 Northumberland Leg. J. 33 (1984), affirmed by Superior Court, no. 03018 Phila. 1984, filed May 31, 1985.

Judge Ranck's order of February 8, 1985 extended the time to commence trial to the next term of criminal court. Criminal court terms were held February 19-28, 1985 and March 13-22, 1985. It does not matter whether this court construes the February 8, 1985 order as extending the time to commence trial to the February term or March term of criminal court, because the Commonwealth

failed to request an extension of time until May 30, 1985, during the May term of criminal court. Therefore, unless there is some excludable time, the Commonwealth's petition is untimely filed.

The Commonwealth contends that the filing of the petitions for extension was not necessary, because defendant had waived her rights under Rule 1100 when she had applied for Accelerated Rehabilitative Disposition (A.R.D.) in late 1984.

Rule 1100(d) provides:

"In determining the period for commencement of trial, there shall be excluded therefrom: . . . (2) Any period of time for which that defendant expressly waives Rule 1100." Pa.R.Crim.P. 1100(d)(2).

The Commonwealth has the burden of establishing the validity of any waiver. Commonwealth v. Myrick, 468 Pa. 155, 360 A.2d 598 (1976).

"So long as there is an indication, on the record, that the waiver is the informed and voluntary decision of defendant, it will be accorded prima facie validity. Absent this record indication of validity, the waiver will be ineffective." Commmonwealth v. Myrick, supra, 468 Pa. at 160, 360 A.2d at 600.

The comment to Pa.R.Crim.P. 1100 provides that:

". . . [T]he attorney for the Commonwealth may request that defendant waive Rule 1100 for the period of time spent in processing and considering defendant's inclusion into the A.R.D. program." While a waiver may be requested, the Commonwealth must still demonstrate that the waiver is valid.

In the present case, the Commonwealth referred to an A.R.D. application and waiver of Rule 1100 allegedly signed by defendant and her attorney in November, 1984. However, no such document appears of record and no such document was introduced at the June 13, 1985 hearing in this matter. Therefore,

this court has no way of knowing whether the alleged waiver in fact exists.

What does appear of record is a petition for accelerated rehabilitative disposition filed by defendant on December 10, 1984. This petition contains no waiver of any rights under Rule 1100.

Bald assertions by the attorney for the Commonwealth are no substitute for proof and fact. Commonwealth v. Goldwire, 279 Pa. Super. 451, 421 A.2d 286 (1980). Accordingly, the Commonwealth has failed to meet its burden of establishing a valid waiver.

Nevertheless, the Commonwealth urges this court to address the validity of the purported waiver.

The waiver allegedly signed by defendant was part of a standard form formerly used by the Commonwealth for requests for A.R.D. placement. The form provided, in pertinent part:

"I am aware of my right to a speedy trial and that this petition shall cause a delay in having said criminal charges disposed of by the court.

"I specifically waive my rights under Rule 1100 of Pennsylvania Rules of Criminal Procedure to a prompt trial."

This court has previously expressed its doubts as to the validity of this waiver. Commonwealth v. Walls, Northumberland County, Criminal Division, no. CR-83-555, filed November 16, 1984; Commonwealth v. Bielski, Northumberland County, Criminal Division, no. CR-83-536, filed November 21, 1984. This court now decides that even if defendant had signed this purported waiver, it would make no difference in the outcome of this case, because this purported waiver, standing alone, is not valid.

Pa.R.Crim.P. 1100 was enacted in the wake of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed. 2d 101 (1972), to implement and protect a de-

fendant's right to a speedy trial. Commonwealth v. Hamilton, 449 Pa. 297, 297 A.2d 127 (1972). However, its particular terms are not directly required by the Constitution.

"Nevertheless, the basic requirements for making a valid waiver of constitutional rights . . . are instructive in our consideration of the validity of a claimed waiver of the protections of rule 1100." Commonwealth v. Myrick, supra, 468 Pa. at 161, 360 A.2d at 600.

Regarding any constitutional rights, such as the right to a speedy trial, the Commonwealth must prove that any waiver was intelligently made. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966). The accused must know the nature of the rights involved. Commonwealth v. Jones, 457 Pa. 423, 322 A.2d 119 (1974).

Nowhere does this purported waiver inform defendant that Rule 1100 provides a period of 180 days from the filing of the criminal complaint in which the Commonwealth must bring defendant to trial.

Nowhere does this purported waiver inform defendant that the charges against him can be dismissed if trial does not commence within the time period provided by Rule 1100. Commonwealth v. Knupp, 340 Pa. Super. 304, 490 A.2d 1 (1985); Cf. Commonwealth v. Martin, 300 Pa. Super. 497, 446 A.2d 965 (1982).

Nowhere does this purported waiver state the period for which Rule 1100 is waived. Commonwealth v. Coleman, 477 Pa. 400, 383 A.2d 1268 (1978). While the Commonwealth may request that a Rule 1100 waiver may be for the period of time spent in consideration of an A.R.D. application, the purported waiver in this case is open-ended. Theoretically,

this waiver allows the Commonwealth to postpone this care ad infinitum without violating Rule 1100.

Since the Commonwealth has not met its burden of establishing any waiver, the Rule 1100 period expired before the Commonwealth filed its petition for extension of time to commence trial. Regrettably, this court has no choice but to deny the Commonwealth's petition as untimely filed and to grant defendant's motion to dismiss.

Recently, the Commonwealth has placed a different Rule 1100 waiver on the A.R.D. application form. This court expresses no opinion as to the validity of that waiver.

Because of the disposition of this case, this court does not reach the issue of whether the Commonwealth exercised due diligence in bringing defendant to trial.

Accordingly, this court enters the following

## ORDER

And now, this June 18, 1985, for the reasons stated in the above opinion, it is ordered:

(1) The Commonwealth's petition for extension of time to commence trial is denied.

(2) Defendant's motion to dismiss for failure to comply with Pa.R.Crim.P. 1100 is granted and the charges filed against defendant in this matter are dismissed with prejudice.